**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-4450**

———————

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

      v.

IGNACIO ANDRADE-MARTINEZ,

                Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Joseph F. Anderson, Jr., District Judge.  (3:11-cr-00246-JFA-5)

———————

Submitted:  July 10, 2013          Decided:  August 1, 2013

———————

Before AGEE, DAVIS, and DIAZ, Circuit Judges.

———————

Affirmed in part, dismissed in part by unpublished per curiam opinion.

———————

John Delgado, BLUESTEIN, NICHOLS, THOMPSON & DELGADO, Columbia, South Carolina, for Appellant. Mark C. Moore, Assistant United States Attorney, Stanley D. Ragsdale, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ignacio Andrade-Martinez pleaded guilty to conspiracy to possess with intent to distribute and distribute marijuana, in violation of 21 U.S.C. § 846 (2006). The district court sentenced Andrade-Martinez to 127 months of imprisonment and he now appeals. Appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether the district court fully complied with Fed. R. Crim. P. 11. Andrade-Martinez was informed of his right to file a pro se supplemental brief, but he has not done so. In addition, the Government has filed a motion to dismiss the appeal based on the waiver in the plea agreement. We previously deferred ruling on that motion pending the filing of the parties' briefs. For the reasons that follow, we affirm the conviction and dismiss Andrade-Martinez's appeal of his sentence.

Counsel questions whether the district court complied with Rule 11. The purpose of the Rule 11 colloquy is to ensure that the plea of guilt is entered into knowingly and voluntarily. See United States v. Vonn, 535 U.S. 55, 58 (2002). Accordingly, prior to accepting a guilty plea, a trial court, through colloquy with the defendant, must inform the defendant of, and determine that he understands, the nature of the charges to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty he faces, and the various rights he is

2

relinquishing by pleading guilty. Fed. R. Crim. P. 11(b). The court also must determine whether there is a factual basis for the plea. Id.; United States v. DeFusco, 949 F.2d 114, 120 (4th Cir. 1991). As Andrade-Martinez did not move in the district court to withdraw his guilty plea, any error in the Rule 11 hearing is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002).

Moreover, pursuant to a plea agreement, a defendant may waive his appellate rights under 18 U.S.C. § 3742 (2006). United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). A waiver will preclude appeal of a specific issue if the waiver is valid and the issue is within the scope of the waiver. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). The question of whether a defendant validly waived his right to appeal is a question of law that this court reviews de novo. Id. at 168.

"The validity of an appeal waiver depends on whether the defendant knowingly and intelligently agreed to waive the right to appeal." Id. at 169 (citation omitted). To determine whether a waiver is knowing and intelligent, we examine "the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." United States v. General, 278 F.3d 389, 400 (4th

3

Cir. 2002) (internal quotation marks and citation omitted). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Rule 11 colloquy, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991).

We have thoroughly reviewed the record and conclude that the district court fully complied with the requirements of Rule 11. We further conclude that Andrade-Martinez's guilty plea, including his waiver of his appellate rights, was knowing, intelligent, and voluntary. As the appellate waiver precluded Andrade-Martinez from appealing any sentence below life imprisonment, he has waived appellate review of his sentence.

We have examined the entire record in accordance with the requirements of Anders and have found no meritorious issues for appeal. Accordingly, we affirm the conviction, grant the Government's motion to dismiss in part, and dismiss Andrade-Martinez's appeal of his sentence. This court requires that counsel inform Andrade-Martinez, in writing, of the right to petition the Supreme Court of the United States for further review. If Andrade-Martinez requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof

4

was served on Andrade-Martinez.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

<u>AFFIRMED IN PART</u>;
<u>DISMISSED IN PART</u>